IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JENABE CALDWELL and MOTOKO CALDWELL, a married couple, individually and on behalf of all others similarly situated,<br><br>           Plaintiffs,<br><br>    vs.<br><br>TOWNSEND FARMS, INC., an Oregon corporation; PURELY POMEGRANATE, INC., a California corporation; FALLON TRADING CO., INC., a Pennsylvania corporation; UNITED JUICE CORP., a New Jersey corporation; and DOES 1 through 100 inclusive,<br><br>           Defendants. | Civ. No. 13-00408-SOM-RLP<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS PLAINTIFF'S CLAIMS WITHOUT PREJUDICE AND WITHOUT PAYMENT OF COSTS |

**ORDER GRANTING PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS PLAINTIFF'S CLAIMS WITHOUT PREJUDICE AND WITHOUT PAYMENT OF COSTS**

**I.        INTRODUCTION.**

On June 10, 2013, Plaintiffs and Hawaii residents Jenabe Caldwell and Motoko Caldwell filed a Complaint against Townsend Farms, Inc., an Oregon corporation, in the Circuit Court of the First Circuit of the State of Hawaii. On July 11, 2013, the Caldwells filed a Class Action First Amended Complaint against Townsend Farms, Inc., and added Purely Pomegranate as a co-defendant. On August 22, 2013, Purely Pomegranate filed a Notice of Removal, removing the case from state court to federal court based on diversity jurisdiction, pursuant to 28 U.S.C.

§ 1332(d). ECF No. 1. On November 18, 2013, Magistrate Judge Richard L. Puglisi gave the Caldwells leave to file a Second Amended Complaint. On November 19, 2013, the Caldwells filed their Second Amended Complaint against Townsend Farms and Purely Pomegranate, adding Fallon Trading Co., Inc., a Pennsylvania corporation, United Juice Corp., a New Jersey corporation, and Does 1 through 100, inclusive, as defendants. Proceedings continued until July 1, 2014, when the Caldwells filed Plaintiffs' Motion to Voluntarily Dismiss Plaintiffs' Claims, Without Prejudice. ECF No. 79.

In their motion, brought under Rule 41(a)(2) of the Federal Rules of Civil Procedure, the Caldwells seek leave to voluntarily dismiss their claims against all parties, without prejudice and without payment of Defendants' costs, so that they can consolidate their claims in a class action lawsuit in the United States District Court for the Central District of California. ECF No. 79, PageID # 1198.

In response, on July 11, Defendant United Juice Corp. filed its Statement of No Opposition re: Motion to Dismiss, in which it stated that it had no opposition to the Caldwells' motion to voluntarily dismiss their claims. ECF No. 84. Similarly, on July 15, 2014, Defendant Fallon Trading Co. filed its Statement of No Position as to Plaintiffs' Motion to Voluntarily Dismiss Plaintiffs' Claims without Prejudice, taking

"no position on Plaintiffs' stated intent to dismiss the instant lawsuit."  ECF No. 85, PageID # 1224.  On July 21, 2014, Defendant Townsend Farms filed its Statement of No Opposition and Non-Appearance of Counsel.

Defendant Purely Pomegranate filed its Statement of Position to Plaintiff's Motion on July 21, 2014.  ECF No. 87.  In this document, Purely Pomegranate indicates that it does not oppose the Caldwells' motion to dismiss their claims but asks the court to deny the Caldwells' request for a waiver of costs as a condition of dismissal pursuant to Rule 41(d) of the Federal Rules of Civil Procedure.  Id., PageID # 1233.  Purely Pomegranate argues that ordering the Caldwells to pay the costs of this action, including attorney's fees, will deter "forum-shopping."  Id.

Because no Defendant opposes the Caldwells' motion to voluntarily dismiss, the only issue before the court is whether the Caldwells must pay costs and attorneys' fees as a condition of dismissal.

Purely Pomegranate has failed to demonstrate that the Caldwells should pay costs as a condition of dismissal.  The Caldwells' motion to voluntarily dismiss without payment of costs is therefore granted.  Purely Pomegranate's request that the Caldwells pay costs and attorneys' fees as a condition of dismissal is denied.

**II.     STANDARD OF REVIEW.**

Rule 41(a)(2) of the Federal Rules of Civil Procedure states that, "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  A dismissal is without prejudice unless the court states otherwise.  Fed. R. Civ. P. Rule 41(a)(2).  In Stevedoring Services of America v. Armilla International B.V., 889 F.2d 919, 921 (9th Cir. 1989), the Ninth Circuit noted that "[a]lthough costs and attorney fees are often imposed upon a plaintiff who is granted a voluntary dismissal under Fed. R. Civ. P. 41(a)(2), no circuit court has held that payment of the defendant's costs and attorney fees is a prerequisite to an order granting voluntary dismissal." Furthermore, the court noted, "several courts have specifically held that such payment is not required."  Id.; see also Westlands Water Dist. v. United States, 100 F.3d 94, 97 (9th Cir. 1996).

When determining whether costs and attorney fees should be a condition of dismissal, a court considers the following factors: "(1) any excessive and duplicative expense of a second litigation; (2) the effort and expense incurred by a defendant in preparing for trial; (3) the extent to which the litigation has progressed; and (4) the plaintiff's diligence in moving to dismiss."  8 James Wm. Moore, Moore's Federal Practice § 41.40[10][d][I] (3d ed. 2013).  The merits of the plaintiff's

4

case may be relevant to such a determination, although the Ninth Circuit has declined to decide whether a plaintiff's good faith is a factor in considering costs.  Stevedoring, 889 F.2d at 922. Dismissal and payment of costs under Rule 41(a)(2) is left to the court's discretion and "will not be disturbed unless the court has abused its discretion."  Id. at 921.

Rule 41(d) of the Federal Rules of Civil Procedure gives a court the discretion to order a plaintiff to pay costs, but only when a plaintiff has previously dismissed an action and subsequently files a second action that includes the same claim:

> If a plaintiff who *previously dismissed* an action in any court *files an action based on or including the same claim* against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied.

Fed. R. Civ. P. 41(d) (emphasis added).  Because the purpose of the payment of costs is the same under Rule 41(a)(2) and Rule 41(d), the "same standard for the type of costs awarded should apply."  Esquivel v. Arau, 913 F.Supp. 1382, 1388 (C.D. Cal. 1996).  Thus, the test for Rule 41(a)(2) applies to Rule 41(d). Id.

**III.    ANALYSIS.**

    **A.    Rule 41(d).**

Purely Pomegranate asserts that the Caldwells should pay costs and attorney fees as a condition of dismissal pursuant

5

to Rule 41(d) of the Federal Rules of Civil Procedure. ECF No. 87, PageID # 1233. Citing <u>Aloha Airlines, Inc. v. Mesa Air Group, Inc.</u>, No. 07-00007, 2007 WL 2320672, at *2 (D. Haw. Aug. 10, 2007), Purely Pomegranate states that the purpose of Rule 41(d) is to "deter vexatious litigation and forum shopping," as well as to "compensate the defendant for the unnecessary expense of defending against the plaintiff's litigation." <u>Id.</u> (internal citation omitted).

Rule 41(d) is inapplicable, as it applies when a "plaintiff who *previously dismissed an action* in any court files an action based on or including the same claim against the same defendant." Fed. R. Civ. P. Rule 41(d) (emphasis added). Nothing in the record establishes that the Caldwells have previously dismissed a related action.

### B. Rule 41(a)(2).

When determining whether costs should be a condition of dismissal, the court first considers whether there is "any excessive and duplicative expense of a second litigation." <u>Moore's Federal Practice</u> § 41.40[10][d][I]. The Caldwells contend that they should not pay costs because dismissing their motion and litigating as a class action in California will support the "goals of efficiency and conservation of resources," as well as avoid the "likelihood of duplicative motion-practice

and inconsistent rulings" by consolidating their suit with the suits of others. ECF No. 79, PageID # 1206.

On the other hand, Purely Pomegranate argues that the Caldwells should pay costs because they have engaged in vexatious litigation and forum shopping. In support of this assertion of forum shopping, Purely Pomegranate alleges that "*[p]laintiffs' counsel* filed identical class actions in nine different districts." ECF No. 87, PageID # 1233 (emphasis added). The Caldwells' *counsel* may have filed separate actions in nine different districts on behalf of other clients, but there is no evidence that the *Caldwells* have done so, and Purely Pomegranate does not offer any citations of cases filed in other jurisdictions to support this allegation. Purely Pomegranate has failed to demonstrate that the Caldwells are forum shoppers or vexatious litigants, and thus has failed to show "excessive" or "duplicative" expense.

The second and third factors courts consider when determining whether cost should be a condition of dismissal are "the effort and expense incurred by a defendant in preparing for trial," and the "extent to which the litigation has progressed." Moore's Federal Practice § 41.40[10][d][I]. The Caldwells contend that litigation has not progressed far because the parties have "focused on mediation and jurisdictional issues." ECF No. 79, PageID # 1206. Courts impose few or no conditions

7

early in a case when the defendant faces, at most, the mere prospect of relitigation in another forum.  Holiday Queen Land Corp. V. Baker, 489 F.2d 1031, 1032 (5th Cir. 1974).  As of July 30, 3014, the litigation has progressed little.  No substantive motions have been filed, and the non-jury trial is set for July 22, 2015, about a year from now.

Furthermore, a defendant is "entitled only to recover, as a condition of dismissal under Fed. R. Civ. P. 41(a)(2), attorneys['] fees or costs for work which is not useful in continuing litigation between the parties."  Koch v. Hankins, 8 F.3d 650, 652 (9th Cir. 1993).  The work that Purely Pomegranate's counsel has done in preparation for this action in this court can presumably be used in the class action suit or in any subsequent action raising the same claims.

The final factor that the court must consider is "the plaintiff's diligence in moving to dismiss."  The Caldwells argue that they have been diligent in filing their motion to dismiss, doing so "once it became apparent that this case would be more properly litigated in California."  ECF No. 79, PageID # 1206. Although the case has been pending for about a year now, no substantive motions have been filed and the trial date is set for a year from now.  It might not have been immediately apparent that a class action in California was appropriate.  Purely Pomegranate has provided no evidence that the Caldwells were late

8

or remiss in filing their motion to dismiss.  As a result, the court determines that the Caldwells have been diligent in moving to dismiss.

After examining the four factors relevant to a determination of whether costs should be a condition of a voluntary dismissal pursuant to Rule 41(a)(2), the court determines that Purely Pomegranate has failed to demonstrate that the Caldwells should pay its costs and attorneys' fees.  The Caldwells' motion to voluntarily dismiss their claims against all parties without prejudice and without an award of costs is granted.  Purely Pomegranate's request that dismissal be conditioned on the Caldwells' payment of costs and attorneys' fees is denied.

**IV.   CONCLUSION**

For the foregoing reasons, the Caldwells' motion is granted, and Purely Pomegranate's request is denied.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 31, 2014.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Caldwell v. Townsend Farms, Inc.; Civ. No. 13-00408 SOM-RLP; ORDER GRANTING PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS PLAINTIFF'S CLAIMS WITHOUT PREJUDICE AND WITHOUT PAYMENT OF COSTS.